UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDIMILDO MENDEZ ROBLERO, | No. 1:26-cv-01550-DC-CSK (HC) |
| Petitioner, | |
| v. | ORDER GRANTING IN PART PETITIONER'S MOTION FOR A PRELIMINARY INJUNCTION |
| PAMELA BONDI, et al. | |
| Respondents. | (Doc. No. 2) |

This matter is before the court on Petitioner Rudimildo Mendez Roblero's motion for a preliminary injunction (Doc. No. 2), filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)  For the reasons explained below, the court will grant Petitioner's motion for a preliminary injunction in part.

**BACKGROUND**

**A.     Factual Background**

Petitioner Rudimildo Mendez Roblero is a native and citizen of Guatemala. (Doc. No. 1 at ¶ 1.) Petitioner entered the United States as an unaccompanied minor on February 14, 2018. (Doc. No. 1 at ¶ 30.) Upon Petitioner's entry, the U.S. Department of Homeland Security ("DHS") issued a notice to appear charging him as an alien present in the United States without being admitted or paroled in violation of 8 U.S.C. 1182(a)(6)(A)(i). (Doc. Nos. 1 at ¶ 31; 1-2 at 1.) On

1

September 9, 2018, Petitioner was released into the custody of his father pursuant to section 462 of the Homeland Security Act of 2022 and section 235 of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008. (Doc. No. 1-2 at 2.) On December 19, 2019, an immigration judge terminated Petitioner's removal proceedings because he was the beneficiary of an approved petition from his father, a lawful permanent resident. (Doc. Nos. 1 at ¶ 31; 1-3.) Although Petitioner was approved for an immigrant visa through approval of his petition for alien relative, that approval was destroyed by the National Visa Center after Petitioner failed to apply for the immigration visa within a year of availability. (Doc. No. 1 at 8 n.1.)

On September 13, 2025, Petitioner was arrested incident to a traffic stop and was charged for driving without a valid driver's license. (*Id.* at ¶ 32.) Petitioner was detained by U.S. Customs and Immigration Enforcement ("ICE") on that same day. (*Id.* at ¶ 2.) Petitioner has no criminal history in the United States besides that arrest. (*Id.* at ¶ 32.)

On October 23, 2025, the U.S. Department of Homeland Security ("DHS") issued a new notice to appear again charging Petitioner as an alien in the United States without being admitted or paroled in violation of 8 U.S.C. § 1182(a)(6)(A)(i). (Doc. Nos. 1 at ¶ 33; 1-6.) Petitioner has remained in ICE custody since his re-arrest on September 13, 2025. (Doc. No. 1 at ¶ 2.) Petitioner argues he is detained without any opportunity for release on bond pursuant to Board of Immigration Appeals ("BIA") policy. (*Id.* at ¶ 39.) Petitioner is currently detained in the California City Corrections Center in California City, California. (*Id.* at ¶ 9.)

**B.    Procedural Background**

On February 23, 2026, Petitioner filed a habeas petition asserting the following claims against Respondents Pamela Bondi, Kristi Noem, Sergio Albarran, and Warden of the California City Corrections Center: (1) unlawful detention under 8 U.S.C. § 1225 relating to Respondents' assertion that Petitioner is subject to mandatory detention under that statute rather than discretionary detention under 8 U.S.C. § 1226; and (2) violation of Petitioner's right to due process relating to Petitioner's continued detention without a bond hearing. (Doc. No. 1 at 10–12.) In the petition, Petitioner seeks an order mandating his immediate relief, or in the alternative, requiring Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a)

2

within seven days, and awarding Petitioner with attorney's fees and costs under the Equal Access to Justice Act. (*Id.* at 12–13.) On that same day, Petitioner filed the pending motion for a preliminary injunction making the same argument and seeking the same relief as in his habeas petition. (Doc. No. 2.)

On February 24, 2026, the court issued an order setting a briefing schedule and directing Respondents to distinguish Petitioner's claim from other similar claims that the court recently addressed in *Selis Tinoco v. Noem,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025), *Labrador-Prato v. Noem,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025), and *D.L.C. v. Wofford,* 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026). (Doc. No. 5.) Additionally, the court converted Petitioner's motion for a temporary restraining order to a motion for preliminary injunction due to Petitioner's lengthy detention period before seeking injunctive relief. (*Id.*)

On March 1, 2026, Respondents filed their opposition to Petitioner's motion for a preliminary injunction. (Doc. No. 8.) On March 5, 2026, Petitioner filed his reply thereto. (Doc. No. 9.)

## LEGAL STANDARD

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. 7, 20 (2008). The likelihood of success on the merits is the most important *Winter* factor. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

A party seeking injunctive relief must make a showing on all four prongs of the *Winter*

3

factors to obtain injunctive relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); *see Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). A district court may consider "the parties' pleadings, declarations, affidavits, and exhibits submitted in support of and in opposition to the [motion for injunctive relief]." *Cal. Rifle & Pistol Ass'n, Inc. v. L.A. Cnty. Sheriff's Dep't*, 745 F. Supp. 3d 1037, 1048 (C.D. Cal. 2024); *see also Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). Any evidentiary issues "properly go to weight rather than admissibility." *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 119 F. Supp. 3d 1177, 1185 (C.D. Cal. 2015).

## DISCUSSION

### A.    Likelihood of Success on the Merits

Petitioner argues that mandatory detention under § 1225(b)(2)(A) "does not apply to individuals like Petitioner who previously entered and are now residing in the United States, such individuals are subject to a different statute, § 1226(a), that allows for release on conditional parole or bond." (Doc. No. 2 at 3.) Thus, Petitioner contends, his continued detention is unlawful under both the Immigration and Nationality Act ("INA"), and the U.S. Constitution. (*Id.* at 6.)

In their opposition, Respondents make three arguments as to why Petitioner's claim is materially distinguishable from the claims in *Selis Tinoco*, *Labrador-Prato*, and *D.L.C.*, and therefore why Petitioner is not entitled to injunctive relief unlike the petitioners in those cases.

First, Respondents argue that, unlike the petitioners in the above cases, Petitioner "did not have pending applications for relief or pending removal proceedings when he was placed back in immigration custody," thus any liberty interest Petitioner maintained in his freedom following his initial release "terminated upon the denial of Petitioner's visa petition." (Doc. No. 8 at 3.) This court, noting that the government's "argument that [mandatory detention under] § 1225 applies to all noncitizens who entered the United States without inspection has been consistently rejected by a majority of courts in this district and courts across the county," recently determined that a noncitizen who had been living freely in the United States for an extended period of time without

a pending application for relief or pending removal proceeding demonstrated a likelihood of succeeding on his claim that he was "entitled to a bond hearing under § 1226(a)." *Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948, at *4 (E.D. Cal. Feb. 23, 2026); *see also Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419, at *4 (E.D. Cal. Feb. 24, 2026) (holding that petitioner who had lived in United States for 34 years without encountering immigration authorities was entitled to a bond hearing under § 1226(a)). Thus, for the reasons discussed in *Maciel* and *Barajas Ortiz*, the court finds that Petitioner has shown a likelihood of success on his claim that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), despite not having a pending application for relief or pending removal proceeding.

Second, Respondents argue that "in none of the [cases cited in the court's order] did State law enforcement arrest the petitioner and then transfer that petitioner into immigration custody" such that Petitioner's "constitutional immigration detention was a direct result [of] a likewise constitutional arrest by state law enforcement, for a violation of state law." (Doc. No. 8 at 3.) This court recently considered a noncitizen's entitlement to a bond hearing under § 1226(a) following their arrest by state authorities and subsequent immediate detention by ICE in *Chateauneuf v. Chestnut*, No. 1:26-cv-01073-DC-JDP, 2026 WL 523695, at *4 (E.D. Cal. Feb. 25, 2026). In *Chateauneuf*, as here, the petitioner was detained by immigration authorities immediately following her arrest for driving without a license. *Chateauneuf*, 2026 WL 523695, at *1. This court found that "where the government adequately alleges that a changed circumstance warrants a petitioner's immigration detention, the proper remedy for a failure to provide a bond hearing is a post-deprivation bond hearing, not immediate release." *Id.* at *4. Thus, here, as in *Chateauneuf*, the court will order that Petitioner is entitled to a bond hearing, not immediate release.

Third, Respondents argue that the court should deny Petitioner's motion because Petitioner has not alleged that he requested and was denied a bond hearing, therefore he failed to exhaust his administrative remedies before filing his habeas petition. (Doc. No. 8 at 5.) The court also addressed this issue in *Chateauneuf*, where it found that the purposes of prudential exhaustion were satisfied where "the relief that the court will grant by this order—a hearing in front of an immigration judge at which Petitioner's eligibility for bond must be considered—is

5

precisely the relief that prudential exhaustion would require." *Chateauneuf*, 2026 WL 523695, at *3. Here, as in *Chateauneuf*, the court will order that Petitioner be provided a bond hearing, not that Petitioner be immediately released. Thus, as in *Chateauneuf*, the very purpose for prudential exhaustion will be obviated by this order.

For these reasons, Respondents do not distinguish Petitioner's claim from previous decisions by this court in which the court determined that a petitioner who has resided in the Untied States for an extended period of time is subject to detention under 8 U.S.C. § 1226(a) and is therefore statutorily entitled to a bond hearing under that section. Petitioner is therefore likely to succeed on the merits of his claim that he is entitled to a bond hearing before an immigration judge.

**B.      Irreparable Harm**

Petitioner will suffer irreparable harm in the absence of a temporary restraining order. Broadly speaking, "[d]eprivation of physical liberty by detention constitutes irreparable harm." *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) (citation omitted). Further, the Ninth Circuit has recognized the "irreparable harms imposed on anyone subject to immigration detention" including "the economic burdens imposed on detainees and their families as a result of detention." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).

Therefore, the second *Winter* factor weighs in favor of granting Petitioner's request for injunctive relief.

**C.      Balance of the Equities and Public Interest**

The court now turns to the last two *Winter* factors. The balance of the equities and public interest analyses merge when the government is the opposing party, as is the case in this action. *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

"Just as the public has an interest in the orderly and efficient administration of this country's immigration laws, [ ] the public has a strong interest in upholding procedural protections against unlawful detention." *Vargas v. Jennings*, No. 20-cv-5785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020) (internal quotation omitted). Though Respondents have

an interest in enforcing immigration laws, Respondents cannot reasonably assert that the public and government will be harmed in any legally cognizable sense by being enjoined from detaining Petitioner in violation of the applicable law, which is the case here. This relief also benefits the public because "neither equity nor the public's interest are furthered by allowing violations of federal law to continue." *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022). Accordingly, the court finds that the balance of equities and public interest weigh in favor of injunctive relief and consequently, all four *Winter* factors weigh in favor of Petitioner.

**D.      Security**

Federal Rule of Civil Procedure 65(c) permits a court to grant preliminary injunctive relief 'only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting Fed. R. Civ. P. 65(c)). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'" *Id*. (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)). "In particular, '[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.'" *Johnson*, 572 F.3d at 1086 (quoting *Jorgensen*, 320 F.3d at 919). Neither party addresses the issue of security in their briefing.

The court finds that no security is required here. Courts regularly waive security in cases like this one. *Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011); *Pinchi v. Noem*, No. 25-cv-05632- RMI-RFL, 2025 WL 1853763, at *4 (N.D. Cal. Jul. 4, 2025).

<strong>CONCLUSION</strong>

For the reasons stated above:

1.      Petitioner's motion for a preliminary injunction (Doc. No. 2) is GRANTED in part as follows:

a.      Within ten (10) days of the date of entry of this order, Respondents shall provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner shall bear the burden of

7

showing that he is not a flight risk or a risk to community safety;[1]

    b.    If Petitioner is not provided a bond hearing within ten (10) days of the date of entry of this order, he shall be released from Respondents' custody;

    c.    Petitioner's request for immediate release is DENIED;

2.    This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal; and

3.    This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **March 18, 2026**

                                Dena Coggins
                                United States District Judge

---

[1] In their opposition, Respondents argue that because DHS has not previously made a determination regarding Petitioner's flight or safety risk, Petitioner should bear the burden of showing that he is not a flight risk or a safety risk. This is consistent with this court's prior orders. *See, e.g., Chateauneuf*, 2026 WL 523695, at *5.